Good morning, Your Honors. Brian Lerner on behalf of Respondent. The major issue we have in this case is whether California Penal Code Section 203 is considered an aggravated felony under the immigration law. How can mayhem not be an aggravated felony? Okay, Your Honor. Under Section 203, the exact definition says every person who unlawfully and maliciously deprives a human being or a member of its body or disables, defigures, or renders it useless is guilty of mayhem. So the question is, is it possible to commit mayhem without it being a crime of violence as defined under the Federal laws, meaning a use of force? Unlawfully and maliciously. Yes. Let me point to four of the words on this particular statute. It says, or renders it useless. Now, Your Honor But you have to unlawfully and maliciously render it useless. Right? That's correct. Okay. That's correct. But can't you unlawfully render it disfigured? I'm sorry, Your Honor. Isn't disfigurement sufficient? Doesn't have to be useless to be disfigured. That is correct. That is correct. Cauliflower rear isn't disfigured? That is correct. It isn't? No. That is correct, Your Honor. However, under Section 16 of the Federal Code, it states that there must be a use of force. Now, the question is, can Section 203 of the California Penal Code be applied without the use of force? If someone were to use poison, if someone were to, for example, it refers to eyes here. If someone were to put a blinding light rendering the eyes useless, there's no use of force there. That's not force? What is it? There's no physical force, Your Honor. There's no physical force. And how did you do this? With a laser? Laser with blinding light? Force in a laser? We shoot planes out of the sky with lasers, they tell me nowadays. That's not force? That would be force there, Your Honor. But if a blinding light just hits the room, I'm using just an example, blinding light hits the room. Unlawfully and maliciously. Unlawfully and maliciously. There would be no use of physical force. Light's not force? You better tell that to Einstein. I don't think it's physical force, Your Honor. There's no physical force applied by one person. Is it spiritual force? That kind of light? But, Your Honor, I understand. Blinded by the light is the old rock and roll song? I'm just using an example. Let's say also that somebody's arm got cut off, OK? And somebody, a doctor, let's say, did not reattach the arm. Maliciously and unlawfully did not reattach the arm, OK? There's no use of force there. And you're saying that doctor would be guilty of mayhem? That doctor could be guilty of mayhem. There's no act involved. An omission to reattach an arm by a doctor is mayhem. Well, let's say that he was under a duty, Your Honor. He could have been under a duty. The thing that we have to look at here is that in order to determine whether or not physical force is necessary is a very strict standard here. Because when someone is ordered deported, they are deported under this circumstance as an aggravated felon for the rest of their lives. They have absolutely no chance of ever coming back. So there has to be clear and convincing evidence. And under Taylor versus US, the categorical approach, if the full range of conduct in the state statute does not fall within the federal statute, which is 101-843 of what is an aggravated felon, then it is not an aggravated felony. Because they can't just bunch anything together in order to make it happen. Does it make any difference that California law itself describes mayhem as a violent felony? California law itself, 667.5c2, says mayhem's a violent felony. That's true, Your Honor. But if I could point out. Does that make any difference? The question then goes to my second point, Your Honor, is whether intent is involved in order to commit mayhem. And the question is whether or not you can commit mayhem without having specific intent. And under California law, it defines malice as two ways. One is you have to have intent, and the other is called implied malice. And if it's implied malice, it's when there's abandoned malignant heart and so forth. That's how it defines it. So it is possible in a crime of passion or as occurred in this case, he's in the middle of a fight and boom, it happened, that there was no specific intent. And therefore, based upon that, this would also not fall under the aggravated felony statute because under Federal Rule 18 U.S.C. 16, it is specifically said that there needs to be intent. So based upon that, Your Honor. So counsel, is it your argument that your client was convicted of mayhem without a showing of intent? I don't think that they got to that point, Your Honor. They followed the statutory language here under Section 203. Is a willful encompass an intent element? It doesn't state that it's willful, Your Honor. It states that it's unlawfully and maliciously. And maliciously, as defined under implied malice, doesn't indicate that there needs to be intent. So there may be accidental mayhem or just I was asleep and I bit somebody's ear off? No, Your Honor. As was given in the brief, for example, somebody walks in and sees his spouse sleeping with another person. And in a flying rage, goes and kills the person. There does not have to be specific intent right there. But counsel, can't we look at the documents that were produced in this particular case under the modified categorical approach to see whether or not it fits within the definition of aggravated felony? Yes, Your Honor. Under the modified categorical approach, there needs to be judicially recognized documents. Now in the record, as far as I recall, there are two single documents that have been submitted regarding this crime. One is the abstract of judgment. And the abstract of judgment doesn't say a thing other than that there was mayhem and that there was a sentence given. The only other document given was the information filed by the prosecutor, which we would put forth as not a judicially recognized document because they could have put anything. It has to come from the court. And information signed by a prosecutor and entered into court as a record is nothing? I'm not saying it's nothing, Your Honor, but it's like a parole report. It's one side. Is not that information the document as a result of which he was convicted? No. That is the document that was submitted before he was convicted. But what did he – what was he convicted of? He was convicted of mayhem, Your Honor. As charged in the information. That's correct. That's correct. However, my understanding is under the modified approach, there needs to be a judicially recognized document which needs to be essentially a neutral document, not a document that is put forward by one side. What's your best case authority for the proposition that an information is not an appropriate document to consider in the modified categorical approach? Your Honor, as of this time, I don't have any cases that I can cite. I just – I'm sorry. I recall that in one of the cases that I have read, that it said it has to be judicially recognized documents, and I specifically remember that it stated that, for example, parole reports, things of that nature that are one-sided, that don't have an opportunity to be submitted by both sides and is not basically given by the court itself, are not judicially recognized documents for purpose of the modified categorical approach. The reason being, again, is that – I'd be interested in reviewing that case that you recollect the holding of, but you don't recollect the name of it? I'm sorry, I don't, Your Honor. And once the information is validated by a plea or a conviction, it's still no good. I'm not saying that, Your Honor. I'm saying that in order for there to be, under the modified categorical approach, an item that specifically states that the specific facts of the case, that it has to be given by the court, not by one side. So I find the defendant guilty of the crime charged in count one of the indictment. We have no idea what that means, because the indictment is irrelevant. I'm not saying it's irrelevant, Your Honor. I'm saying it should be in the judgment itself. It should be in the judgment. What do you do with the language in a recent opinion, Laura Chacon, where we said the charging document is one document we consider? Wouldn't that information be the charging document? I think it can be considered, Your Honor. But if you were to look, Your Honor, at the one document that was provided in this case, even if you look at the document, it doesn't go into the specific facts of this case. It says three or four sentences. It says mayhem was committed by the biting off of an ear. It doesn't go into whether or not there was rage, whether or not there was intent. It doesn't go into any of that. How was he convicted? Well, the first jury trial was hung, and then he got convicted under another jury trial. Well, so what did he do that got him convicted, according to the official records? But the official records are what are in the records before this court. There was nothing else provided. Of course, all we're doing is determining whether we have jurisdiction in the first place. But we'll hear from the other side. We'll give you an opportunity to respond. OK, thank you. Thank you. Good morning, Your Honors. May it please the Court. My name is William Irb from the Department of Justice, representing the Respondent in this matter, the Attorney General, John Ashcroft. Your Honor, one or two points to bear in mind with regards to the Petitioner's argument is that in fact is what this Court was hitting on. The alien was, in fact, committed of mayhem in this case in front of a jury. He was charged under the statute, and clearly the prosecutor made his case. In fact, this Court did not have jurisdiction pursuant to Section 242A2C of the Immigration Authorization Act by the fact that the alien has been convicted of an aggravated felon, a crime of violence, under Section 101A2C. Yes, that's right. The only jurisdiction we have is to determine our jurisdiction by examining  That's correct, Your Honor. And our position is that mayhem is, in fact, a crime of violence under the definition of 101A2C. Counsel, of course, says that if you look at the statute carefully enough, there are ways to commit mayhem without using any violence. Well, we would submit, Your Honor, that we do not agree with his notions of what physical violence are and the use of physical violence. The point is, in this statute and under Section 101A43, it's a substantial risk of physical violence being used. We would argue that mayhem by its very nature, the disemberman biting off, slashing body parts, is by its nature a use of physical force. And, in fact, that's what's happened in this case, is physical force was used. That was biting off the gentleman's ear during the fight in the parking lot that occurred. Do you have anything else? No, Your Honor. I guess there are a couple of other points that he brings out in regards to the improper retroactive application of the definition of aggravated felon. We would argue that it has not been improperly applied in this case, that, in fact, when his crimes were committed, his conviction was entered, that he fell under the new term of aggravated felon. And, therefore, this Court does not have jurisdiction to consider in this position for real. That's it. Thank you. Do you have anything else you'd like to say? Okay. One point, Your Honor, is that I just wanted to make clear that the physical force requirement, the reason I was bringing up those issues is that it is possible under this statute to not commit physical force, and because of that, it falls under the particular category that it's not an aggravated felon. And also, I just wanted to bring up shortly that under 212c, we believe that just because he pled guilty doesn't prevent him, under the sincere case, from applying for 212c, and that we would consider that to be a violation of equal protection, because he would rely as much as someone who didn't plead guilty on whether or not there were immigration consequences or immigration relief. He went to a jury trial. That's correct. And if he pled guilty, there's no question he'd be eligible for 212c. But he didn't. If he were in Afghanistan, you know, we wouldn't have a case. He didn't. No, I understand you, Your Honor, but so what difference does that make? The point is, is that 212c is eligible under the sincere case for people who pled guilty, but it did not foreclose the possibility for people who were given jury trials. It did not specifically say that the rationale of sincere applies to individuals who went to trial. It would be sincere itself, Your Honor. Sincere itself specifically says that people who plead guilty have an expectation And how do you have that expectation if you plead not guilty and go to a jury trial? Well, Your Honor, by pleading, let's say that he had a reasonable belief that he wasn't guilty. By pleading guilty in order to get immigration benefits, he's saying I'm giving up my right to a jury trial even though I think I'm not guilty just so I can have an immigration benefit. He could equally say And as an officer of the court, you're telling us that's what happened in this case? I'm not telling you that's what happened, Your Honor. Okay. We would respectfully request that the BIA's decision be reversed and that this decision, that this particular crime be considered not to be an aggravated felony. May I ask you one question? I didn't quite get this factual scenario whereby you say that it's possible to commit a crime without physical force, but it's possible to commit a crime without violence. I didn't say that, Your Honor. I'm sorry. Is that the doctor's example where we didn't sew the arm back up? I'm sorry, Your Honor. I didn't say without violence. I said without physical force. Without – and that's because of the light circumstance, because you plead. Total light or poison. Voodoo. Voodoo. Voodoo, too, Your Honor. I mean, it could be something that doesn't require physical force. It physically forces something on another person. If somebody leaves a vial of poison that is intended to render them blind, there is no physical force that is being applied to that person. But it's not mayhem. No, it is. Under the statute, it gives a beginning. It says, or renders it useless. You can render a particular item on the body useless without disfiguring it and without taking it off, Your Honor. It's in the statutory language itself. I see. You know, Counsel, you have as hard an issue to argue as I've seen in some time. You've done a very good job with it. I compliment you. Thank you, Your Honor. The case just argued is ordered submitted. Thank you, Your Honor. United States v. Rodriguez, the last case on calendar.
judges: Trott, Rawlinson, Bea